AO 91 (Rev. 08/09)  Criminal Complaint

AUSA Matthew A. Roth, 313-226-9186
Special Agent Michael MacBride, 313-226-0500

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

United States of America
v.
BRANDON LARUE

Case: 2:12-mj-30195
Judge: Unassigned,
Filed: 03-27-2012 At 04:45 PM
USA V LARUE (CMP) (FMM)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __February 2012 through March of 2012__ in the county of __Monroe__ in the __Eastern__ District of __Michigan__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 18 United States Code Section 2252A(a)(2) | Distribution of Child Pornography |
| Title 18 Title 18 United States Code Section 2252A(a)(5)(B) | Possession and Possession with Intent to View Child Pornography |

This criminal complaint is based on these facts:
See Attached Affidavit.

☑ Continued on the attached sheet.

_____
Complainant's signature

Michael MacBride, Special Agent DHS/HSI
Printed name and title

Sworn to before me and signed in my presence.

Date: March 27, 2012

City and state: Detroit, Michigan

_____
Judge's signature

Honorable David R. Grand, United States Magistrate Judge
Printed name and title

## AFFIDAVIT

I, Michael MacBride, being duly sworn, do hereby depose and state:

1. I am a Special Agent with the Department of Homeland Security, Homeland Security Investigations ("HSI"), located in Detroit, Michigan. I have been employed as a Special Agent for HSI and its predecessor agencies, the United States Customs Service and United States Immigration and Customs Enforcement ("ICE") since September of 2002. As part of my daily duties as an HSI agent, I investigate criminal violations relating to child exploitation and child pornography including violations pertaining to the illegal production, distribution, receipt and possession of child pornography, in violation of 18 U.S.C. §§ 2252(a) and 2252A.

2. I make this affidavit in support of a complaint against Brandon LARUE, for the distribution and possession with intent to view of child pornography in violation of Title 18 United States Code, Sections 2252A(a)(2) and 2252A(a)(5)(B).

3. The facts set forth in this Affidavit are based on my own personal knowledge; knowledge obtained from other individuals during my participation in this investigation, including other law enforcement officers; review of documents and records related to this investigation; communications with others who have personal knowledge of the events and circumstances described herein; and information gained through my training and experience.

4. Because this Affidavit is submitted for the limited purpose of establishing probable cause in support of the complaint, it does not set forth each and every fact that I or others have learned during the course of this investigation. I have set forth only the facts that I believe are relevant to the determination of probable cause to believe that Brandon LARUE,

1

engaged in illegal conduct contrary to Title 18 United States Code, Sections 2252A(a)(2) and 2252A(a)(5)(B).

7.  During this investigation, Special Agent ("S/A") Tim Kruithoff from the HSI Grand Rapids office utilized a P2P client software program to identify other P2P computers sharing files, via the Gnutella network. S/A Kruithoff connected to the Gnutella network, through the Internet, which functions in interstate and foreign commerce. This P2P client software reports the geographical location of the computers location as well as the internet protocol ("IP") address and the Globally Unique Identifier. An IP address is a numerical address unique to every modem used by any computer connected to the Internet. The Globally Unique Identifier ("GUID") is a special type of identifier used in software applications to provide a unique reference number assigned to a specific computer.

8.  On February 17, 2012, at approximately 12:58 P.M, S/A Kruithoff with the Department of Homeland Security, Homeland Security Investigations, conducted an undercover online Internet investigation, utilizing a Peer to Peer (P2P) client. Through the investigation, S/A Kruithoff identified the IP address of 24.236.171.174 as sharing one (1) JPG file that contained the name of terms associated with child pornography.

9.  The IP address of 24.236.171.174 was recognized by S/A Kruithoff as one that had shared child pornography files in the past. Law enforcement database checks indicated that there are over 400 unique child pornography files associated with that IP address.

10. At 12:58:50 P.M., S/A Kruithoff initiated a single source download from the IP address of 24.236.171.174 and at 12:59:01 P.M., the download was completed. The downloaded file was named: "pictures from . . . dloaded . . . - pedo kdv kidzilla pthc toddlers 0yo 1yo 2yo

3yo 4yo 5yo 6yo 9yo tara babyj (188).jpg".[1] This image depicted a female child engaged in oral sex with an adult male. The female child is wearing a striped shirt and has her left hand on the penis of the adult male.

11.   On February 21, 2012, a Department of Homeland Security Summons was sent to Charter Communications requesting subscriber information for the customer assigned IP address 24.236.171.174 utilized during the date and time of the February 17, 2012 online undercover session.

12.   On February 29, 2012, Charter Communications responded to the summons and identified the subscriber account to the IP Address 24.236.171.174 as:

>   Account Holder:    James DELEMIAH
>   Service Address:   8601 Laverne, Newport, MI 48166-9214
>   Service Number:    (xxx) xxx-8725
>   Length of Service: 9/4/2010 – Present
>   Email Addresses:   jld. . . 00@charter.net, lady. . . o@charter.net (portions of e-mail address deliberately omitted)

13.   Information obtained from public databases revealed that James DEREMIAH (DOB: xx/xx/1965) resided in Newport, Michigan. Additional information obtained from law enforcement databases indicated that James DEREMIAH had a Michigan driver's license with the address of the SUBJECT PREMISES and date of birth as xx/xx/1965. This information corroborated the public database records and the Charter Communications summons information obtained (except for the misspelling of DEREMIAH's name that is on file with Charter Communications).

15.   On March 9, 2012, at approximately 7:17 P.M, S/A Kruithoff conducted an online

---

[1] The filenames associated with the above referenced files, which contain child pornography, have been partially redacted to prevent further dissemination of the files on public databases where this affidavit may appear.

Internet investigation, utilizing a Peer to Peer (P2P) client, and identified the same IP address, 24.236.171.174, as sharing several JPG image files that contained the name of terms associated with child pornography.

16.    At 7:17:50 P.M., S/A Kruithoff initiated eight single source downloads from the IP address of 24.236.171.174. At 7:18:49 P.M., the downloads were completed. Of the eight downloaded files, seven appeared to depict sexually explicit images of minor females. Three of these files are listed and described below:

    a. **(pthc-jho-lolifuck) 7 yo . . . Falko.JPG** – This image depicted a prepubescent female whose head is next to an adult male's penis. Her mouth is open and there appears to be ejaculate on her tongue;

    b. **Imgsrc Ru pthc Pedo Babyshivid Childlover Private Daughter Torpedo Ranchi Lolita - . . . 86.jpg** – This image depicted a prepubescent female sitting nude on top of a toilet seat looking down. She has her legs spread with her right leg up in the air, exposing her vaginal area; and

    c. **Imgsrc Ru pthc Pedo Babyshivid Childlover Private Daughter Torpedo Ranchi Lolita – 1 . . . 98.jpg** – This image depicted a prepubescent female lying down nude, face up with her right hand covering half of her face. Her legs are spread, exposing her vaginal area which appears to be red.

17.    On March 14, 2012, a Department of Homeland Security Summons was sent to Charter Communications requesting subscriber information for the customer assigned IP address 24.236.171.174 utilized during the online undercover session on March 9, 2012. On March 21, 2012, Charter Communications confirmed that the IP address again belonged to James DELEMIAH in Newport, Michigan.

18.    On March 27, 2012, a Federal search warrant was obtained for DEREMIAH's Newport, Michigan, residence to search and seize evidence related to child pornography.

19.     On March 27, 2012, the Federal search warrant was executed at DEREMIAH's residence. DEREMIAH was present at the residence.

20.     DHS/HSI agents searched DEREMIAH's residence which included the room of Brandon LARUE who lived in the residence. LARUE is the son of DEREMIAH's girlfriend who also lives at the residence. Agents found printed images of child pornography in LARUE's room.

21.     Both James DEREMIAH and Brandon LARUE were interviewed by DHS/HSI agents. Brandon LARUE agreed to talk to Affiant and S/A Burnette at the Monroe County Sheriffs' Department. LARUE was not under arrest and free to leave. However, LARUE agreed to speak with Affiant and was transported to the Monroe County Sheriff's Department. LARUE was advised of his Constitutional rights and agreed to speak with the agents. During the interview, LARUE made the following admissions:

   a. LARUE did download child pornography to his computer through the peer-to-peer software called emerald;

   b. LARUE would view the images of child pornography downloaded through the emerald peer-to-peer software;

   c. After masturbating to the child pornography, LARUE would delete the images of child pornography from the computer;

   d. LARUE described the images of child pornography as images that depicted children between the ages of infants to 17-years old, naked, children being penetrated, or children performing oral sex on adults;

   e. LARUE also babysat his niece who was three-years old;

5

    f.  LARUE admitted that nine or ten months ago, on five to six occasions, while he babysat his niece, LARUE would rub his niece's vaginal region. The contact would last for approximately one minute each time. On two to three times, LARUE had his niece touch his penis; and

    g.  LARUE denied knowing that the emerald peer-to-peer software he used to download the child pornography would subsequently share the images with other individuals who utilized the peer-to-peer software.

22.    The images described by LARUE were consistent with the images observed by Affiant that were downloaded by S/A Kruithoff in his undercover capacity.

### CONCLUSION

23.    I submit that this affidavit supports probable cause for a complaint for violations of Title 18, United States Code, Sections 2252A(a)(2) and (a)(5)(B), distribution and possession with intent to view child pornography.

Respectfully submitted,

_____
Michael MacBride
Special Agent
Homeland Security Investigations

Subscribed and sworn to before me
on March 27, 2012.

_____
DAVID R. GRAND
UNITED STATES MAGISTRATE JUDGE

6